## Comly *v.* Linton, Appellant.

*Courts—Municipal court of Philadelphia county—Trial—Trial without jury—Findings by judge—Review.*

Where in a case tried by the municipal court of Philadelphia county, without a jury, the plaintiff makes out a prima facie case and the defendant's depends exclusively on oral testimony, the creditability of the witnesses and the inferences to be drawn are involved in the decision, and the finding of the judge so far as it relates to these matters is no more reviewable on appeal than the verdict of a jury would be.

Argued Dec. 10, 1914.   Appeal, No. 217, Oct. T., 1914, by defendant, from judgment of Municipal Court, Phila. Co., March T., 1914, No. 371, on judgment for plaintiff on case tried without a jury in suit of Daniel F. Comly, trading as Wm. F. Comly & Son, to use of Glauzer Brothers v. Amon Linton.   Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Assumpsit for breach of contract.   Before KNOWLES, J., without a jury.

At the trial judgment was entered for plaintiff for $334.50.   Defendant appealed.

*Errors assigned* were as follows:

1. The learned trial judge erred in entering a judgment in favor of the plaintiff.

2. The learned trial judge erred in not entering a judgment in favor of the defendant.

3. The learned trial judge erred in failing to file findings of fact.

4. The learned trial judge erred in failing to file conclusions of law.

*Leopold C. Glass,* for appellant.

*J. B. Colohan, 3rd,* for appellee.

OPINION BY RICE, P. J., April 19, 1915:

This was an action of assumpsit to recover the difference between the amount bid by the defendant at an auction sale for a lot of cherries and the amount received on a resale, the defendant having refused to accept them. The case was tried before the court without a jury. No requests or points for special or general findings, either of fact or law, were presented, and no exception was taken to the judgment.

For the reasons stated in Philadelphia and Gulf Steamship Company, etc., v. Clark, in which we herewith file an opinion, the third and fourth assignments of error are overruled.

The first and second are, that the court erred in entering judgment for the plaintiff and not entering it for the defendant. As the judgment was regular and responsive to the issue presented by the pleadings, these assignments do not raise the question of the sufficiency of the evidence. This question of practice is discussed in the case of Philadelphia and Gulf Steamship Company v. Soeffing, 59 Pa. Superior Ct. 429.

There is additional reason why the conclusion reached by the trial judge should not be disturbed. The plaintiff made out a good prima facie case. The defendant's case depended exclusively on oral testimony. The credibility of the witnesses and the inferences to be drawn were involved in the decision. The finding of the judge, so far as it relates to those matters, is no more reviewable on appeal than the verdict of a jury would be.

Section 14 of the municipal court act relating to appeals to the Supreme Court and the Superior Court, gives no warrant for procedure which would practically give the losing party a retrial of the case on the evidence taken in the municipal court. Even if there had been a trial by jury and the case were before us on exception to the refusal to give binding direction for the defendant, the evidence was not so clearly all one way as to warrant us in saying that the court should have affirmed the point.

The assignments of error are overruled, and the judgment is affirmed.